**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**DAVID LAMON DOYLE**                                                          **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 5:26-CV-65-JHM**

**HOUSING AUTHORITY OF PADUCAH**                                  **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff David Lamon Doyle filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons stated below, the Court will dismiss the action without prejudice.

## I. SUMMARY OF ALLEGATIONS

Plaintiff sues the Housing Authority of Paducah.  In the statement-of-claim portion of the complaint form, Plaintiff writes that he lost his apartment in Paducah when it was maliciously and deliberately "taken" from him, causing him to become homeless for over two years.  He states that he was denied rent and a forcible detainer action was placed on his rental status.  Plaintiff attaches a November 3, 2025, state-court judgment in *Housing Authority of Paducah v. Doyle*, No. 23-C-00566, dismissing a forcible detainer action against him which went into effect in June 2023.

As relief, Plaintiff requests to know why the Paducah Housing Authority maliciously removed him from his home and for $6,000,000 for his extreme emotional distress.

Plaintiff also filed a "Motion for a Collection Order" (DN 7) in which he asserts that he was evicted through no fault of his own because he could not pay for water and "trash."  He states that he qualified for help from the Housing Coalition of Kentucky which was going to pay the

amount Plaintiff owed for his handicapped-accessible apartment.  However, Plaintiff's alleges, the property's management refused to allow the payment to be made by the Housing Coalition, thereby ultimately causing him to become homeless.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).   However, when considering a *pro se* complaint, "the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions."  *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint).

In addition, it is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  This

Court's original jurisdiction "may be based on either (1) a federal question pursuant to 28 U.S.C. § 1331, or (2) diversity of citizenship along with an amount in controversy exceeding $75,000 pursuant to 28 U.S.C. § 1332." *DPBTB, LLC v. Alabama Great S. R.R. Co.*, No. 120CV00142DCLCSKL, 2020 WL 12861719, at *1 (E.D. Tenn. Nov. 10, 2020).

The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "'police the boundaries of their own jurisdiction.'" *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. ANALYSIS

Reading his complaint liberally, it appears that Plaintiff alleges that, due to his unpaid debt resulting from the property managers' refusal to allow the Housing Coalition to pay his unpaid bills, Defendant successfully filed for a state-court forcible detainer against him which prevented Plaintiff from receiving rent assistance for two years. As set forth above, the Court must first determine whether it has subject-matter jurisdiction.

Plaintiff fails to establish diversity jurisdiction because Plaintiff and Defendant are both citizens of Kentucky. *See* 28 U.S.C. § 1332. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331 either. Plaintiff cites no federal statutes or United States Constitutional provisions in support of his claims. But the Court notes that the federal Fair Housing Act (FHA) prohibits discrimination against "any person because of race, color, religion, sex, familial status, or national origin" or to otherwise make unavailable or deny a dwelling to any buyer or renter

because of a handicap.  42 U.S.C. § 3604(a), (f)(1); *see Linkletter v. W. & S. Fin. Grp., Inc.*, 851 F.3d 632, 637 (6th Cir. 2017).  Neither the complaint nor the "Motion for Collection Order," however, identify any reason that Plaintiff would be protected by the FHA other than one reference to Plaintiff's apartment having been handicapped accessible.

Furthermore, it appears that the reason Defendant sought a forcible detainer stemmed from Plaintiff's unpaid debts, which Plaintiff alleges occurred because the *property's managers* refused to allow the Housing Coalition to pay those debts.  But the property managers are not named defendants in this action.

The Court will therefore dismiss the action without prejudice and with leave to amend the complaint for Plaintiff to identify whether he was discriminated against for any reason prohibited by the FHA and to name the person(s) or entity who did not allow the Housing Coalition to pay his debts.  *See Rashada v. Fiegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

The **Clerk of Court is DIRECTED** to place this case number and the word "Amended" on a civil complaint form and send it to Plaintiff, along with three summons forms, should Plaintiff wish to amend the complaint.  Should Plaintiff choose to file an amended complaint, he must do so **by September 11, 2026**.

The Court will enter a separate Order dismissing the action.

Date: August 11, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.009

4